David Eugene REITER, Appellant,

v.

Frances Mae REITER, Appellee.

No. 2-89-220-CV.

Court of Appeals of Texas,
Fort Worth.

April 11, 1990.

Rehearing Overruled May 15, 1990.

Stark & Associates, and Richard S. Stark, Gainesville, for appellant.

Sullivant, Sullivant, Meurer, Shaw & Zielinski and William B. Sullivant, Gainesville, for appellee.

Before WEAVER, C.J., and FARRIS and DAY, JJ.

## OPINION

DAY, Justice.

David Eugene "Speedy" Reiter appeals from the trial court's judgment entered in a suit brought by his ex-wife, Frances, in which she sought clarification and enforcement of the decree of divorce previously entered between the parties.

We affirm the trial court's judgment.

The decree of divorce between the parties was entered on July 1, 1985. Under the terms of that decree, Speedy was awarded a 15–acre tract of real property and Frances was awarded a money judgment of $30,000 payable by Speedy. The decree ordered Frances to execute a deed to Speedy covering the 15–acre tract and ordered Speedy to execute a promissory note payable to Frances in the amount of $30,000. The court also ordered that an equitable lien be impressed on the 15–acre tract to secure the payment of the $30,000 note.

Speedy executed and delivered the $30,000 note and on November 7, 1985, Frances executed and delivered a special warranty deed to Speedy covering the fifteen acres. On March 26, 1986, Frances executed and delivered another special warranty deed to Speedy purporting to convey a tract of approximately thirty-six acres. The 15–acre tract described in the earlier deed constituted a part of the thirty-six acres described in the second deed.[1]

On June 4, 1986, Frances filed suit against Speedy seeking cancellation of the second deed, alleging that she had been fraudulently induced to execute the deed to Speedy. Although Frances took no steps to prosecute the suit seeking cancellation of the second deed, the suit was pending on the court's docket at the time the trial court entered its judgment in the instant action.

The instant action was filed by Frances on February 7, 1989, as a suit for the enforcement and clarification of the July 1985 decree of divorce. Frances alleged that the original decree awarded her $30,000; that although Speedy had executed a note payable to her in such amount, he had failed to make any payments on such note; that she had conveyed the fifteen acres to Speedy as directed by the original decree; and in order to enforce such decree, she asked the court to order Speedy to execute a deed of trust covering the fifteen acres to secure her $30,000 note. In addition, Frances pled that the second deed of March 1986 was fraudulently obtained and should be set aside.

Speedy responded to the instant suit by filing a plea alleging that the trial court

---

1. Apparently, the twenty-one acres included in the second deed had been owned by the parties at the time of their divorce but was not divided by the court in its decree.

had no jurisdiction and a plea in abatement alleging that the matters in controversy were the subject of the previously filed suit seeking cancellation of the March 1986 deed from Frances to Speedy. The trial court overruled both the plea to its jurisdiction and the plea in abatement and after hearing testimony of the parties, entered its order directing Speedy to execute a deed of trust to Frances securing payment of her $30,000 note.

In his first point of error, Speedy complains the trial court erred in ordering him to execute a deed of trust to secure the note owned by his ex-wife because there were no pleadings or evidence to support such order.

The suit for clarification and enforcement of the original decree of divorce was brought under the provisions of TEX.FAM. CODE ANN. secs. 3.70–3.72 (Vernon Supp. 1990).

Sec. 3.70. Procedure to Enforce Decree of Divorce or Annulment

(a) A court order or the portion of a decree of divorce or annulment providing for a division of property under Section 3.63 of this code may be enforced by the filing of a motion as provided by this subchapter in the court that rendered the decree by any party affected by the order or decree.

(b) Except as otherwise provided in this code, a motion to enforce shall be governed by the Texas Rules of Civil Procedure applicable to the filing of an original lawsuit. Each party whose rights, privileges, duties, or powers may be affected by the motion is entitled to receive notice by citation and shall be commanded to appear by filing a written answer. Thereafter, the proceedings shall be as in civil cases generally.

(c) After rendition of a decree of divorce or annulment, the court retains the power to enforce the property division made under Section 3.63 of this code. A motion to enforce the division of tangible personal property in existence at the time of the decree must be filed within a period of two years after the decree was signed or becomes final after appeal, whichever is the later, or the suit is barred. A motion to enforce the division of future property not in existence at the time of the original decree must be filed within a period of two years after the right to the property matures or accrues or after the decree becomes final, whichever is the later, or the suit is barred.

(d) The procedures and limitations provided by this subchapter do not apply to existing property not divided on divorce and thereby held by the ex-spouses as tenants in common. Except as provided by Subchapter F of this chapter, a suit for partition of that property is governed by the rules applicable to civil cases generally.

(e) Neither party may demand a jury trial if the procedures to enforce a decree provided by this subchapter are invoked.

Sec. 3.71. Enforcement of Division of Property

(a) Except as provided by this subchapter and by the Texas Rules of Civil Procedure, a court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. Further orders may be entered to enforce the division, but these orders shall be limited to orders in aid of or in clarification of the prior order. The court may specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed. An order of enforcement does not alter or affect the finality of the decree of divorce or annulment being enforced.

(b) An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court to enter and is unenforceable.

(c) The power of the court to enter further orders to aid or clarify the property division is abated during the pendency of any appellate proceeding.

Sec. 3.72. Clarification Order

(a) On the motion of either party or on the court's own motion, the court may issue a clarifying order before a motion for contempt is made or heard, in conjunction with a motion for contempt, or on denial of a motion for contempt.

(b) On a finding by the court that the original form of the division of property is not specific enough to be enforceable by contempt, the court may issue a clarifying order setting forth specific terms to enforce compliance with the original division of property.

(c) A clarifying order may not be given retroactive effect. A reasonable time shall be provided for compliance before the clarifying order may be enforced by contempt or in another manner.

*Id.*

The pleadings of Frances clearly sought the relief afforded by the foregoing sections of the Family Code and Speedy's contention that her pleadings did not support the court's action has no merit. The statement of facts from the hearing before the trial court clearly established that Speedy had failed and refused to pay the promissory note to Frances despite the fact that she had conveyed the fifteen acres to Speedy as ordered by the original decree.

■ In *McEntire v. McEntire*, 706 S.W.2d 347 (Tex.App.—San Antonio 1986, writ dism'd), where an ex-wife sued for clarification and enforcement of a divorce decree, the San Antonio Court of Appeals affirmed the trial court's action in ordering the execution of a note by the ex-husband. The court stated that "[a]lthough the trial judge cannot change the terms of a final judgment, the court does have authority to issue orders necessary to implement the judgment" under the authority of TEX. FAM.CODE ANN. sec. 3.71(a) (Vernon Supp.1990). *McEntire,* 706 S.W.2d at 351.

In the instant case, the original decree impressed an equitable lien upon the fifteen acres awarded to Speedy to secure the $30,000 note payable to Frances. We hold the trial court acted within its authority in ordering Speedy to execute a deed of trust. Speedy's first point of error is overruled.

■ In his second point of error, Speedy complains the trial court erred in ordering him to execute a deed of trust because: (1) Frances was estopped from claiming any lien on the fifteen acres; and (2) she had waived her right to a lien by reason of her execution of the two deeds to Speedy.

Both the November 1985 deed as well as the March 1986 deed were introduced as exhibits in the trial court. The granting clause of both of such deeds contains the language that the deeds are being executed "for the purpose of complying with that certain Final Decree of Divorce entered in Cause No. 84–831 in the 235th Judicial District Court of Cooke County, Texas...." There is no merit to Speedy's contention that by the execution of such deeds Frances either waived the lien impressed on the property by the original decree of divorce or that she is estopped from claiming such lien. The language of both deeds quoted clearly establishes the reason for such conveyances and the trial court properly disregarded Speedy's contentions of waiver and estoppel. Speedy's second point of error is overruled.

■ In his third point of error, Speedy complains the trial court erred in overruling his plea to the jurisdiction. Speedy contends the trial court had no power, authority, or jurisdiction to alter or change the substantive property rights of the parties on a suit to clarify and enforce a decree of divorce. We do not find that the trial court's action altered or changed any "substantive property rights" of the parties. The order of the court requiring Speedy to execute a deed of trust simply required a documentation of the equitable lien granted by the court in the original decree. We find that such order was well within the power and authority of the trial court in assuring the enforcement of its original decree. The trial court properly overruled Speedy's plea to its jurisdiction and Speedy's point of error three is overruled.

■ In his fourth and final point of error, Speedy complains that the trial court erred in overruling his plea in abatement. At Speedy's request, the trial court took

judicial notice of the pending 1986 suit filed by Frances seeking cancellation of her March 1986 deed to Speedy. Speedy argued before the trial court that the instant action should be abated by reason of Frances' previously filed suit seeking cancellation of the March 1986 deed.[2]

To successfully prevail on his plea of abatement grounded upon the pendency of the previous suit, Speedy had the burden to prove that the issues in the previous suit were the same as the issues in the instant suit. *Houston Plumbing Supply v. Ornelas Plumbing*, 636 S.W.2d 608 (Tex.App.— El Paso 1982, no writ); *Texas Employers Ins. Ass'n v. Baeza*, 584 S.W.2d 317 (Tex. Civ.App.—Amarillo 1979, no writ).

The usual test for determining whether the same issues are involved in the two suits is whether a judgment in the first case would dispose of all of the issues in the second case. *First State Bank of Bishop v. Norris*, 611 S.W.2d 680 (Tex.Civ. App.—Tyler 1980, writ ref'd n.r.e.).

It is apparent to us there was not an identity of issues between the two suits here involved and it is also apparent that the relief sought by Frances in the previous suit could not have disposed of the issues involved in the instant suit for clarification and enforcement. The trial court properly overruled Speedy's plea in abatement and his fourth point of error is overruled.

The judgment of the trial court is affirmed.

---

2. We note that the trial court took no action on the issues in the previously filed action for cancellation of the March 1986 deed from Frances to Speedy.