COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JUSTIN RYAN LEBLANC, | § | No. 08-22-00218-CV |
| Appellant, | § | Appeal from the |
| v. | § | 419th Judicial District Court |
| MICHELE RENEE LEBLANC, | § | of Travis County, Texas |
| Appellee. | § | Cause No. D-1-FM-20-005276 |

## **O P I N I O N**[1]

This appeal challenges a trial court's post-divorce enforcement/clarification order, which pertains to an agreed final decree of divorce entered between appellant Justin Ryan LeBlanc (Justin) and appellee Michele Renee LeBlanc (Michele).[2] Justin contends the trial court erred in modifying the terms of the divorce decree, claiming no ambiguity supports the court's ruling. Finding no error, we affirm.

---

[1] This case was transferred from the Austin Court of Appeals pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of that court to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

[2] For brevity, we refer to the parties by their first names only to distinguish between them.

# I. BACKGROUND

Justin and Michele were divorced in August of 2021, after the trial court entered judgment on their agreed final decree of divorce. By the terms of their agreed judgment, and pertinent to this appeal, Michele was awarded the parties' marital home, and Justin was divested of all title and claim to that property, but the award was contingent on Michele refinancing the promissory note securing the home. If the note was timely refinanced, Michele was ordered to pay Justin $75,000 within 15 days of her closing of refinancing. As further provided, Michele had until February 1, 2022, to secure refinancing of the note securing the awarded home. In the event Michele was not able to secure timely refinancing, then the home would be sold for a mutually agreeable price after it was listed with a licensed real estate broker having sales experience in the area where it was located. From the home sale, Michele would receive 52 percent of the net sales proceeds and Justin would receive 48 percent.

To effectuate these terms, Michele and Justin were both ordered to execute certain documents, on or before 5:00 p.m. on the date the agreed decree of divorce was signed by the trial court. Michele was ordered to sign a deed of trust to secure owelty of partition and a real estate lien note. In turn, Justin was ordered to sign a special warranty deed with encumbrance for owelty of partition.

On February 17, 2022, Michele filed a petition to enforce the property division of the parties' agreed final decree of divorce. She alleged a single violation in her petition, claiming that Justin had been refusing to sign any documentation necessary to effectuate the refinancing of the note securing the home. Michele sought relief from the trial court to include an order requiring Justin to deliver to her, at a date and place certain, all documents needed for her to effectuate the refinancing of the loan. Michele also requested the trial court enter a clarifying order restating the

2

terms of the decree in a manner specific enough to allow enforcement by contempt and specifying a reasonable time within which compliance would be required.

The trial court soon held a hearing on Michele's petition for enforcement. Both Michele and Justin were present, with each represented by counsel. By agreement, the parties waived the making of a record of the hearing.

The trial court signed its "Enforcement/Clarification Order" on September 13, 2022, finding that certain unspecified terms of the agreed final decree were not specific enough to be enforced by contempt and should be clarified. The trial court clarified the decree by ordering Justin to provide "all signatures necessary to effectuate the release of his security interest in and to the [marital home] in exchange for the sum of $75,000, if such sum is paid on or before November 1, 2022." The trial court further ordered modification of the owelty lien and the owelty lien note Michele had previously signed. Those modifications reflected the requirement that the $75,000 owed to Justin upon a refinancing, would be paid by November 1, 2022. But if not paid by said date, then, upon the sale of the home, the net proceeds of the sale would be divided in a manner that Michele would receive 52 percent, and Justin would receive 48 percent. Justin timely appealed the trial court's order.

## II. DISCUSSION

Justin brings two issues on appeal. First, he argues the decree was not unclear and no clarification was needed. Based on an absence of any ambiguity, he argues the trial court erred in rendering its clarification ruling. Next, he asserts the trial court abused its discretion in substantively changing the decree, the owelty deed, and the owelty lien. He asserts the trial court lacked authority to modify terms and its ruling did not amount to a reformation.

We address the issues in turn.

3

## A. Standard of review and applicable law

A trial court's ruling on a motion for enforcement or clarification of a divorce decree is reviewed under an abuse of discretion standard. *Riley v. Riley*, No. 03-21-00051-CV, 2022 WL 17981970, at \*3 (Tex. App.—Austin Dec. 29, 2022, no pet.) (mem. op.). A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to any guiding rules or principles. *Id.*

A final, unambiguous divorce decree that disposes of all marital property bars re-litigation. *S.C. v. M.B.*, 650 S.W.3d 428, 441 (Tex. 2022); *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011). Seeking an order that alters or modifies a divorce decree's property division constitutes an impermissible collateral attack. *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009); *see also* TEX. FAM. CODE ANN. § 9.007(a), (b). However, a court rendering a final divorce decree retains subject-matter jurisdiction to clarify and to enforce the property division. TEX. FAM. CODE ANN. § 9.002. The trial court may enter an order of clarification if its divorce decree is ambiguous. *Pearson,* 332 S.W.3d at 363 (citing TEX. FAM. CODE ANN. §§ 9.006, .008). A court may enter a clarifying order to enforce compliance or assist with the implementation of an insufficiently specific decree. TEX. FAM. CODE ANN. §§ 9.004, .006, .008; *see also Dalton v. Dalton*, 551 S.W.3d 126, 140 (Tex. 2018); *Riley*, 2022 WL 17981970, at \*3. Specifically, a trial court "may specify more precisely the manner of effecting the property division previously made or approved if the substantive division of property is not altered or changed." TEX. FAM. CODE ANN. § 9.006. It is beyond the power of the trial court to amend, modify, alter, or change the substantive division of property in the decree after its plenary power expires and such an order is unenforceable. *Id.* § 9.007; *see Dalton*, 551 S.W.3d at 140; *Riley*, 2022 WL 17981970, at \*3.

As appellant, Justin bears the burden to present a record sufficient to show reversible error. *Jegen v. Jegen*, No. 03-22-00328-CV, 2022 WL 12050227, at *2 (Tex. App.—Austin Oct. 20, 2022, no pet.) (per curiam); *Ansley v. Ansley*, No. 03-01-00241-CV, 2002 WL 1991193, at *3 (Tex. App.—Austin Aug. 30, 2002, no pet.) (not designated for publication). Where there is neither a reporter's record nor findings of fact and conclusions of law, we must presume all facts necessary to support a judgment. *Ansley*, 2002 WL 1991193, at *3 (citing *Guthrie v. Nat'l Homes Corp.*, 394 S.W.2d 494, 495 (Tex. 1965)); *see also Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 151 (Tex. 2015) (absent a record, reviewing courts must presume the evidence supported all findings); *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam) (same).

### B. Analysis

In his first issue, Justin argues there was no need for clarification of the parties' agreed final decree of divorce. He contends the trial court failed to identify any ambiguous terms, and thus, it had no authority to enter an order modifying the original disposition of property.

Whether a divorce decree is ambiguous is a question of law we review de novo. *Shanks v. Treadway,* 110 S.W.3d 444, 447 (Tex. 2003). "An agreed divorce decree implementing an agreed property division is controlled by the rules of construction applicable to ordinary contracts." *Ansley*, 2002 WL 1991193, at *3 (citing *Allen v. Allen*, 717 S.W.2d 311, 312 (Tex. 1986). A contract is ambiguous when its meaning is uncertain or doubtful; or its language is reasonably susceptible to more than one meaning. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). Merely because the parties argue differing interpretations does not necessarily make an agreement ambiguous. *Guerrero v. Guerra*, 165 S.W.3d 778, 782 (Tex. App.—San Antonio 2005, no pet.). If we conclude the decree is ambiguous, that is, that it is subject to more than one reasonable interpretation, then it must be construed to give effect to the parties' true intent as expressed in the

written instrument. *Id*. at 782-83. When a contract contains an ambiguity, its interpretation is a question of fact. *Id*. at 783. The **"**disputed language is construed in the context of the entire agreement in light of the circumstances present when the agreement was formed to find the true intention of the parties." *Ansley*, 2002 WL 1991193, at *4 (citing *Coker*, 650 S.W.2d at 394). Both parol evidence and the parties' post-divorce conduct may be considered in determining their intention at the time it was entered. *Guerrero*, 165 S.W.3d at 783.

Considering whether an ambiguity exists, we note the agreed divorce decree awarded the marital home to Michele, contingent on her refinancing the promissory note that was secured by the home and thereafter paying an agreed sum to Justin. Specifically, the decree called for Michele to complete this refinancing of debt, on or before February 1, 2022, and pay $75,000 to Justin within 15 days of her closing on a new loan. Along these lines, the agreed judgment ordered both parties to execute certain documents regarding the transfer of the marital home to Michele and notice of debt owed to Justin. Michele's petition for enforcement, however, alleged that Justin refused to sign documentation necessary to effectuate the refinancing of the loan. After hearing evidence, considering the pleadings, and argument of counsel, the trial court indicated in its written order that it determined that certain terms of the decree were not specific enough to be enforced by contempt without clarification. It then clarified the agreed final decree of divorce to order Justin to provide all signatures necessary to effectuate the refinancing of debt and release of his security interest.

Relevant to our review, Justin and Michele waived the preparation of a record of the enforcement hearing. As well, Justin did not request, and the trial court did not file, findings of fact and conclusions of law. Without a hearing record, or findings of fact and conclusions of law, we are unable to say the trial court abused its discretion. Applying our required standard of review,

6

we must presume that Michele put on evidence to show she could not complete her obligation to refinance the parties' debt without Justin first signing required documents. *See Nelson*, 460 S.W.3d at 151; *Roberson*, 768 S.W.2d at 281. On appeal, Justin has not shown the trial court erred in finding the decree needed clarification to be enforceable.

In short, the trial court's order implicitly found an ambiguity existed in that the agreed judgment's requirements lacked sufficient specificity to be enforced by contempt. *See Ansley*, 2002 WL 1991193, at *5. Upon review, we agree, and find the agreed judgment to be ambiguous with regard to the totality of documents Justin needed to sign to effectuate Michele's refinancing of debt securing the marital home by a date certain. *See id.* at *4. The agreed terms of the decree demonstrate that such refinancing attempt was intended by the parties. *See id.* Accordingly, we overrule Justin's first issue.

In his second issue, Justin asserts the trial court improperly modified the substantive terms of the agreed final decree of divorce. Specifically, he claims the trial court had no legal basis for allowing Michele additional time to refinance the debt on the parties' marital residence. We disagree.

The trial court's enforcement/clarification order implies a finding that Michele had not yet paid $75,000 to Justin because she had not received signatures from him, which were needed to effectuate her refinancing of the debt. Here, the trial court amended the decree's listing of certain documents that Justin needed to sign, requiring him "to provide ***all*** signatures necessary" (emphasis added) to effectuate the release of his security interest in the property, and that he provide those signatures "in exchange for the sum of $75,000[.]"Again, without a record of the hearing, or findings of fact and conclusions of law, we are unable to say the trial court abused its discretion. We are required to presume the evidence presented at trial supports the trial court's

7

implied findings against Justin and for Michele. *See Nelson*, 460 S.W.3d at 151; *Roberson*, 768 S.W.2d at 281.

We presume, as we must, that the evidence at trial supports a finding that the order assists with the implementation of the prior order and falls within the court's authority. *See* TEX. FAM. CODE ANN. §§ 9.002, .006(a). Requiring Justin to provide all the signatures needed to release his security interest did not alter or change the property division of the decree other than to postpone its effective date. *See id.* § 9.006. We must presume the court found that adding a requirement that Justin provide necessary signatures was an essential step needed to release Justin's security interest and complete Michele's refinancing. *See Dalton*, 551 S.W.3d at 139; *Reiter v. Reiter*, 788 S.W.2d 201, 204 (Tex. App.—Fort Worth 1990, writ denied) (trial court's post-decree order to execute a deed of trust to effectuate a property transfer fell within its authority). Further, we find no error in the trial court's giving of additional time to meet this requirement as the Family Code requires a trial court to provide a reasonable time to comply before enforcing a clarifying order. *See* TEX. FAM. CODE ANN. § 9.008(d).

Based on this record, we cannot say the trial court acted outside its authority in issuing a clarification order. We overrule Justin's second issue.

### III.  CONCLUSION

We affirm the trial court's order clarifying and enforcing the property division in the agreed final decree of divorce.

GINA M. PALAFOX, Justice

July 14, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

8