**Karen Renee BOWDEN, Appellant,**

v.

**Derryl Mark KNOWLTON, Appellee.**

**No. 01–86–00863–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 23, 1987.

Don C. Rhodes, Houston, for appellant.

Ted B. Kuhn, Aldrich, Buttrill & Kuhn, Houston, for appellee.

Before EVANS, C.J., and COHEN and HOYT, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a take-nothing summary judgment in a suit to enforce a monetary award in a divorce decree.

The divorce decree, signed by the court on January 4, 1984, awarded the parties' residence to the appellee, and awarded the appellant $10,000 in consideration of her relinquishment of any interest in the residence and in the appellee's retirement benefits. The decree further provided that the monetary award was to be due and payable within 31 days following "finality of this judgment."

On January 20, 1985, the appellant and the appellee entered into a supplemental written agreement in which they (1) acknowledged that appellant had not paid the $10,000 sum awarded to appellee, as contemplated by the decree, "because of the depressed housing market...." and (2) agreed that the appellee would pay $5,000 to the appellant on the date the agreement was signed, and the balance of $5,000 on the date the residence is sold, "or sooner if money becomes available."

On March 4, 1986, the appellant brought this action alleging the appellee's failure to comply with the divorce decree and seeking a money judgment for the $5,000 balance, plus interest and attorney's fees, and a "vendor's lien" on the appellee's residence to secure payment of that debt. The appellee answered, admitting the $5,000 balance was owed to the appellant, but asserting the affirmative defenses of the two-year statute of limitation under Tex.Fam.Code Ann. sec. 3.70(c) (Vernon Supp.1987) and promissory estoppel based on the terms of the supplemental agreement.

Both sides filed motions for summary judgment, which the trial court heard at the same time. After that hearing, the trial court denied the appellant's motion and granted that of the appellee. On this appeal, the appellant contends that her action is not barred by the two-year statute

of limitation and that the supplemental agreement was void for lack of consideration.

We sustain the appellant's first point of error, because we have concluded that the summary judgment record does not, as a matter of law, establish that section 3.70(c) is a legal bar to the appellant's action.

Section 3.70(c) provides, in effect, that a divorce court retains the power, after rendition of a divorce decree, to enforce the property division provisions of the decree. It also provides that a motion to enforce the *division* of "tangible personal property in existence at the time of the decree" must be filed within two years after the decree was signed or becomes final after appeal, whichever is the later date, or the suit is barred. But it further provides that a motion to enforce the division of "future property not in existence at the time of the original decree" must be filed within two years "after the right to the property matures or accrues or after the decree becomes final, whichever is the later...."

As we read section 3.70(c), it specifies a two-year limitation period within which a party may enforce the court's *division* of rights in personal property that was in existence at the time of the decree, and expands the limitation period for enforcement of property rights that accrue or mature at some later date.

■ In this case, the summary judgment proof did not conclusively establish, as a matter of law, the maturity date of appellant's monetary award because that award did not become "due and payable" until 31 days after the *"finality"* of the divorce judgment.

Whether a judgment is deemed "final" depends upon the context in which that term is used. *See* 4 R. McDonald, *Texas Civil Practice in District and County Courts*, secs. 17.02–.03.4 (rev. 1984); 3 B. Kazen, *Family Law: Texas Practice and Procedure* sec. 62.05 (1987). In this case, it is unclear whether the term "finality" was intended to designate the date of signing of the judgment, as the appellee contends, or whether it was used in some other

context, such as the date the trial court lost plenary power. If used in the latter sense, the appellant's action was timely instituted, even if her suit is considered an action to enforce a *division* of property under the provisions of section 3.70(c).

But we need not decide that question, because appellant did not seek to compel a *division* of property, but rather the reduction of the monetary award to a money judgment, an action separately maintainable under the provisions of Tex.Fam.Code Ann. sec. 3.74 (Vernon Supp.1987).

■ Section 3.74(a) provides, in effect, that if a party fails to comply with a decree of divorce, and the court's award of property is no longer an adequate remedy, the court may enter a monetary judgment for the damage caused by such failure to comply. Section 3.74(b) further provides that on the motion of any party who has not received payments of money awarded by the decree, the court may enter judgment against the defaulting party for the amount of unpaid payments, and that such remedy "is in addition to all other remedies provided by law." Section 3.74(c) provides that a money judgment rendered under the provisions of that section "may be enforced by any means available for the enforcement of a judgment for debt." Thus, we conclude that appellant was entitled to seek a money judgment under section 3.74 for the damages allegedly caused by the appellee's failure to comply with the terms of the divorce decree. We hold that the limitation period specified in section 3.70(c) did not apply to relief sought under this section.

The appellant also sought to impress an equitable lien on the appellee's residence, and thus, her action was for aid in the enforcement of the decree, which was maintainable under the provisions of Tex. Fam.Code Ann. sec. 3.71 (Vernon Supp. 1987). That section authorizes the court to "specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed." Here, the relief sought by the appellant did not contemplate any changes in the actual, substantive division of the property. *Compare McGehee v. Epley*, 661 S.W.2d 924 (Tex. 1983).

■ It is well established that a divorce court may impose an equitable lien against the property of a spouse to secure that spouse's obligation to pay a monetary award that represents the consideration for the other spouse's relinquishment of his or her interest in the marital estate. *See Bell v. Bell*, 540 S.W.2d 432, 441 (Tex.Civ.App. —Houston [1st Dist.] 1976, no writ). Indeed, it has been held that a vendor's lien arises by implication when one spouse agrees to pay a sum of money as consideration for the other spouse's interest in a particular piece of property. *McGoodwin v. McGoodwin*, 671 S.W.2d 880 (Tex.1984). We hold that the trial court had the authority, in aid of the enforcement of its monetary award, to impose a lien on the appellee's residence. This relief was available to the appellant notwithstanding the limitation period specified in section 3.70(c).

We also sustain the appellant's second point of error because we conclude that the supplemental agreement dated January 20, 1985, did not constitute a legal bar to the appellant's claim for relief. At most, that agreement simply extended the time for the appellee's performance until the residence could be sold, a circumstance that the trial court could consider in deciding the nature of relief to which appellant might be entitled on further proceedings.

For the reasons stated, we conclude that the trial court erred in granting the take-nothing judgment in favor of the appellee and in denying the appellant's motion for summary judgment insofar as she sought to establish her entitlement, as a matter of law, to the $5,000 balance owed by the appellee. We accordingly reverse both orders of the trial court and remand the cause to the trial court with instructions to enter a money judgment in favor of the appellant for said sum of $5,000 and to consider the appellant's claims for interest, attorney's fees, and the establishment of a lien on the appellee's residence to secure payment of the amount so awarded.

Reversed and remanded with instructions.