**Sherra Frances SHARMAN, Relator,**

v.

**The Honorable Henry G. SCHUBLE, III, Respondent.**

**No. A14–92–01177–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 21, 1993.

Stuart N. Wilson, Houston.

Ray Epps, Houston.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is a mandamus proceeding in which the relator seeks to compel the trial court to disburse certain funds held in the registry of the court. In December of 1991, the trial court entered a final divorce decree which divided the property of Sherra Frances Sharman (relator) and Kenneth Hailey Wax (Mr. Wax). As part of the property division, the decree ordered the parties' marital homestead to be sold by a receiver. Upon closing of the sale, the decree provided that the proceeds from the sale would be disbursed equally between the parties.

In June of 1992, before the homestead was sold, Mr. Wax filed an "amended mo-

tion for post judgment relief." The motion alleged that the relator had not delivered personal property that he was entitled to under the divorce decree. Before ruling on Mr. Wax's motion, the trial court authorized the sale of the homestead. After the closing date in August of 1992, the relator filed a motion for disbursement of the funds. Apparently aware of the pending dispute, the receiver tendered the proceeds into the registry of the court. The trial court refused to distribute the proceeds in accordance with the divorce decree. Instead, it distributed $25,000 to each party, and held the balance pending resolution of Mr. Wax's claim.

The relator argues the trial court lacked the power to retain the funds in violation of the express terms of the divorce decree. Section 3.71(a) and (b) of the Texas Family Code provides:

(a) Except as provided by this subchapter and the Texas Rules of Civil Procedure, a court may not amend, modify, alter or change the division of property made or approved in the decree of divorce or annulment. Further orders may be entered to enforce the division, but these orders shall be limited to orders in aid or in clarification of the prior order. The court may specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed. An order of enforcement does not alter or affect the finality of the decree of divorce or annulment being enforced.

(b) An order under this section that amends, modifies, alters or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court to enter and is unenforceable.

TEX.FAM.CODE ANN. § 3.71(a) & (b) (Vernon Supp.1993). The relator argues that the trial court's refusal to disburse the funds violated these provisions of the Family Code. We agree. The divorce decree stated that the net proceeds from the sale would be distributed equally to the parties *"at the time of closing."* The supreme court has made clear that trial courts lack the authority to change the property division contained in a final divorce decree. *Schwartz v. Jefferson,* 520 S.W.2d 881, 888 (Tex.1975) (orig. proceeding); *McGehee v. Epley,* 661 S.W.2d 924, 926 (Tex.1983) (per curiam). By retaining possession of these funds, the trial court has clearly departed from the terms of the divorce decree.

Mr. Wax recognizes the fact that the trial court lacks authority to substantively redivide the property. He argues, however, that the court can impose an equitable lien on the proceeds from the sale of the marital homestead as a means of enforcing the divorce decree. He relies on three cases: *Bowden v. Knowlton,* 734 S.W.2d 206 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Reiter v. Reiter,* 788 S.W.2d 201 (Tex.App.—Fort Worth 1990, writ denied); and *Spradley v. Hutchison,* 787 S.W.2d 214 (Tex.App.—Fort Worth 1990, writ denied).

In each of these cases, one spouse was awarded a specific amount of money in exchange for relinquishment of their community interests in real estate. In *Bowden,* the trial court imposed an equitable lien on the parties' former residence after the party awarded the residence failed to pay his former spouse for her interest. In *Reiter,* the original divorce decree imposed an equitable lien on a tract of land owned as community property. When the spouse awarded the property failed to pay the other spouse for her interest, the trial court ordered him to convey a deed of trust as security for the debt. The *Spradley* case did not address the issue of equitable liens. The trial court ordered the wife to pay the amount she owed her former spouse, for the relinquishment of his interest in their former residence, into the registry of the court. Before entering the order, the trial court had given her the option of either having the property sold in receivership to satisfy the debt, or paying the amount owed into the registry of the court. In each case, the appellate courts held the trial court's actions did not amount to modifications of the original divorce decrees.

*Bowden* at 208; *Reiter* at 204; *Spradley* at 217.

 In the present case, Mr. Wax argues the trial court did not abuse its discretion by refusing to disburse the funds. He argues that since the trial court would have had the authority to impose an equitable lien against the home at the time it entered the initial decree, it should also have the authority to set aside a portion of the funds received by the sale of the home for the satisfaction of his claim. This argument fails. The cases relied upon all involved claims for liquidated debts awarded under the divorce decrees. The debts were incurred in exchange for the other spouses' interests in real property. The relief provided by the courts involved the same property for which the debts were incurred. We do not question the fact that an equitable lien arises under these circumstances. *See McGoodwin v. McGoodwin,* 671 S.W.2d 880 (Tex.1984).

Mr. Wax, on the other hand, is attempting to collect on an unliquidated debt which has no relation to the ownership interests in the proceeds from the sale of the residence. An equitable lien did not arise under these facts. *See Trison Inv. Co. v. Woodard,* 838 S.W.2d 790, 793–794 (Tex. App.—Dallas 1992, no writ). The cases Mr. Wax relies upon provide no authority for circumventing TEX.FAM.CODE ANN. § 3.71(a) & (b).

 By retaining the proceeds in the registry, the trial court has effectively attached the relator's property. A writ of attachment is generally unavailable in claims for unliquidated debts. Even if the remedy was available, Mr. Wax did not comply with the mandatory requirements of TEX.CIV.PRAC. & REM.CODE ANN. §§ 61.022 & 61.023 (Vernon 1986). The trial court abused its discretion by refusing to distribute these funds in accordance with the terms of the divorce decree.

 Having reached this conclusion, we now consider whether the relator has an adequate remedy by appeal. Proceeds from the sale of the marital homestead are afforded homestead protection for six months. TEX.PROP.CODE ANN. § 41.001(c) (Vernon Supp.1993). The parties' former homestead was sold over four months ago. The relator has a very short time within which to re-invest the proceeds in another homestead. Under these facts, we hold the relator has no adequate remedy by appeal.

We conditionally grant the petition for writ of mandamus. The trial court abused its discretion by refusing to disburse the proceeds from the sale of the residence at the time of closing. We are confident that the trial court will disburse the funds as provided in the divorce decree. A writ will issue only if the trial court fails to comply with this opinion.