# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00065-CV

**Josephine Douglas-Peters, Appellant**

**v.**

**James Nathaniel Peters, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 395TH JUDICIAL DISTRICT
NO. 01-1528-F395, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Josephine Douglas-Peters[1] brings this *pro se* appeal of the district court's order granting both her motion and her former husband James Nathaniel Peters's counter-motion for enforcement of the property division set forth in their divorce decree. The order offsets the two awards, directing Peters to pay Douglas $2,830.82. We reverse the district court's judgment and remand for further proceedings consistent with this opinion.

## BACKGROUND

Douglas and Peters were divorced in May 2002. The divorce decree appointed Douglas and Peters joint managing conservators of their child, gave Douglas the exclusive right to

---

[1] Consistent with her brief, we will refer to Ms. Douglas-Peters as Douglas.

establish the child's primary residence, ordered Peters to pay child support, and divided the property. The current dispute involves only two aspects of the decree's division of property, regarding the parties' home and Peters's Dell stock options.

The decree contained the following provision regarding the sale of the parties' home:

> IT IS ORDERED AND DECREED that the parties are to cooperate in marketing and selling the marital residence. [Peters] may reside in said residence until it is sold and it is FURTHER ORDERED that [Douglas] shall reimburse [Peters] for one-half of all mortgage payments on the residence until it is sold or said costs shall be deducted from [Douglas's] share of the sale proceeds and allocated to [Peters].

Douglas was awarded fifty percent of the proceeds from the sale of the home "after sales costs have been paid and after one-half of all mortgage costs incurred by [Peters] from July 2002, until the sale of [the home] have been paid by [Douglas] to [Peters]."

The other relevant provision of the decree is the award to Douglas of fifty percent of Peters's Dell stock options. It appears that the Qualified Domestic Relations Order attached as appendix A to the divorce decree was never executed, requiring Douglas to bring legal action to receive her share of the stock options.

Approximately one year after the entry of the divorce decree, Douglas filed a motion to enforce the decree alleging that Peters had not transferred fifty percent of his Dell stock options to Douglas. Peters answered and filed a counter-motion to enforce alleging that Douglas had not paid her half of the mortgage payments from July 2002 through March 2004. In his answer and counter-motion to enforce, Peters stated that he and Douglas had agreed in March 2004 that their home could not be sold for a price that would result in positive equity and that Douglas agreed to

allow him to refinance the home in his name only—assuming sole responsibility thereafter for the home and the accompanying mortgage.[2] A hearing was held on July 20, 2004.[3] The district judge apparently announced his ruling from the bench, but it was not reduced to a written order for almost six months. After the hearing, but before any written order was entered, Douglas filed a motion to modify and a motion for new trial complaining of the district court's July 20 oral ruling. No ruling on these motions appears in the record. An order incorporating the district court's ruling on the parties' motions for enforcement of the divorce decree was filed on January 12, 2005.[4] Douglas appeals the portion of this order that "finds that [Peters] is obligated to pay to [Douglas] the amount of $2,830.82 to offset the difference between [Douglas's] Motion for Enforcement and [Peters's] Counter-motion for Enforcement."

---

[2] No written agreement was filed in the record, and Douglas refutes Peters's account of the events in her brief. She admits that she signed a warranty deed conveying her interest in the home to Peters in order to facilitate the refinancing of the home. However, she argues that she retains a one-half interest in the equity when the house is sold. Although Douglas complains that the court's order modifies the original divorce decree awarding her one half of the equity in the home, in fact the court's order does not purport to eliminate Douglas's interest in the equity in the house when sold. Nor could a modification of the divorce decree be accomplished by agreement of the parties unless it was signed and filed with court in compliance with the requirements of Rule 11.

[3] Although this hearing was recorded, Douglas has not provided a reporter's record. Douglas requested a reporter's record and filed an affidavit claiming that she was unable to pay the costs of the record. The court reporter and the district clerk challenged Douglas's affidavit, and a hearing was set. *See* Tex. Rule App. P. 20.1(e). Douglas did not attend the hearing citing car troubles, and the district court found that Douglas was not indigent. Douglas does not appeal this determination.

[4] This order also grants Peters's request to reduce his monthly child support payments. Douglas does not challenge this portion of the order.

3

## DISCUSSION

**Motion to Dismiss**

We will first address Peters's motion to dismiss Douglas's appeal on the grounds that she accepted the benefits of the judgment when she accepted his payment of the $2,830.82 judgment. It is a longstanding principle that "a litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." *Texas State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002) (quoting *Carle v. Carle*, 234 S.W.2d 1002, 1004 (Tex. 1950)). However, there is a narrow exception to this rule: if an appellant "accepts only that which an appellee concedes, or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery." *Id*. (quoting *Carle*, 234 S.W.2d at 1004). An appeal may be taken where the reversal of the judgment challenged cannot possibly affect the appellant's right to the benefit accepted. *Carle*, 234 S.W.2d at 1004; *Bloom v. Bloom*, 935 S.W.2d 942, 947 (Tex. App.—San Antonio 1996, no writ).

Douglas's appeal falls under the narrow exception expressed in *Carle*. By ordering Peters to pay $2,830.82 as an offset, the district court granted both motions to enforce. Peters has not appealed the Court's judgment granting Douglas's motion to enforce, and, therefore, the outcome of Douglas's appeal cannot possibly affect her right to recover the value of her half of the Dell stock options. Because the reversal of the judgment could not affect Douglas's right to the benefits she accepted, we overrule Peters's motion to dismiss the appeal.

4

**Notice by Citation**

In her first issue, Douglas contends that Peters's counter-motion was not properly served and that the record does not show that she received notice of the hearing on Peters's motion. The family code requires that a party who may be affected by a suit to enforce is entitled to notice by citation. *See* Tex. Fam. Code Ann. § 9.001 (West 1998). However, when the counterdefendant is the original plaintiff, she has "already entered an appearance at the time the counterclaim is asserted and may be served *either* with citation *or* under Texas Rule of Civil Procedure 21a." *Allied First Nat'l Bank of Mesquite v. Jones*, 766 S.W.2d 800, 803 (Tex. App.—Dallas 1988, no writ) (emphasis added). Douglas had already entered an appearance by filing her motion to enforce. Therefore, Peters was not required to serve Douglas by citation, and he was permitted to serve his counter-motion to enforce in accordance with rule 21a. *See id.* We overrule Douglas's first issue.

**Payment of Taxes and Interest**

In her second issue, Douglas contends that the divorce decree and the judgment on the motions to enforce improperly required her to pay fifty percent of the interest and taxes on the couple's home in Round Rock. She cites the record of a hearing preceding the entry of the divorce decree in which the district judge stated that the party who takes the tax deduction for the property taxes and mortgage interest should be responsible for payment of those costs. That party was Peters. Douglas contends that, because Peters received the tax deductions for mortgage interest and property taxes during the period in question, she should only be liable for one half of the principal payments and insurance.

5

However, the final divorce decree made each party liable for fifty percent of "all mortgage payments" or "mortgage costs" incurred until the sale of the property, contradicting the district court's clear pronouncement that the party who claims the interest deduction on the home (Peters) should be solely responsible for all interest payments. The final divorce decree makes no distinction between liability for principal and interest on the mortgage. This discrepancy is especially troubling when the decree was drafted by Peters's attorney and was not approved by Douglas or her attorney before it was signed by the district judge. To the extent that Douglas challenges the terms of the divorce decree that she pay one half of the mortgage interest payment, we are sympathetic that this seems to have been the district judge's intention, but she did not bring this error to the attention of the trial court before the judgment became final. Having not attacked the decree on direct appeal, Douglas cannot raise a collateral attack on the original decree in this appeal from the court's ruling on the two motions to enforce the decree. *See* Tex. Fam. Code Ann. § 9.007 (West 1998); *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2002).

In the same hearing in which the district court announced its intention regarding who should pay interest on the marital residence, prior to the written divorce, it pronounced a similar intention that Peters, the party who was entitled to claim the property tax as an income tax deduction, should be fully responsible for the payment of property taxes. This ruling seems to have been followed in the written decree, which did not assess Douglas any liability for property taxes or insurance on the home. She was only charged with paying "fifty percent of all mortgage costs." It is unclear what components of "mortgage costs" the district court assessed against Douglas in its order enforcing the divorce decree. The order under review failed to explain its mathematical

6

calculation or the elements of each party's liability under the original decree of divorce. It simply calculated an "offset amount":

> The Court finds that JAMES PETERS is obligated to pay to JOSEPHINE DOUGLAS-PETERS the amount of $2,330.82 to offset the difference between Respondent's Motion for Enforcement and Petitioner's Counter-Motion for Enforcement.

This is the entire order granting the two motions to enforce the decree of divorce. The trial court had the discretion to offset one party's liability against the other's without modifying the terms of the original decree. *See Spradley v. Hutchison*, 787 S.W.2d 214, 220 (Tex. App.—Fort Worth 1990, writ denied). Because the order does not spell out how the trial court calculated each party's liability, it is difficult for this Court to review whether that order modifies the terms of the divorce decree. Specifically, the district court would not have abused its discretion in enforcing Douglas's liability for one half the mortgage payments under the terms of the decree. However, the district court would have abused its discretion in enforcing her liability for one half of the property taxes and insurance, which are not imposed as Douglas's liability under the decree as drafted. *See Hailey v. Hailey*, 176 S.W.3d 374, 385 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (differentiating between mortgage payments, taxes and insurance); *Nesmith v. Berger*, 64 S.W.3d 110, 116 (Tex. App.—Austin 2001, pet. denied). In the absence of a reporter's record, we presume that evidence of one half of the mortgage payments—principal and interest—was admitted to support the district court's judgment. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991). We cannot, however, presume that the district court properly interpreted the divorce decree to impose liability on Douglas only for principal and interest but not property taxes and insurance. We cannot discern this from the

7

court's order, and the pleadings in the record before us indicate that the judgment included at least property taxes. We overrule Douglas's second issue to the extent that it challenges her liability for one half of the interest payments, as the language of the divorce decree clearly imposes such liability and she failed to challenge that decree before judgment was entered or on direct appeal; it is now too late to do so. To the extent Douglas's second issue challenges the imposition of liability on her for property taxes and insurance under the decree as written, we sustain such challenge.

**Improper Modification of Division of Property**

In her third issue, Douglas contends that the district court's judgment granting Peters's counter-motion to enforce represents an improper modification of the divorce decree's division of property because it relieves Peters from his obligation to sell the house. *See* Tex. Fam. Code Ann. § 9.007(a). However, we find nothing in the court's order that modifies Peters's obligation to sell the house; nor does it appear from the record that Douglas ever sought enforcement of that provision. The fact that Douglas's award was offset by the mortgage payments she owed Peters also does not transform the judgment into a modification of the divorce decree. Where a judgment sought by a party enforces a divorce decree but offsets that relief with other portions of the decree that the moving party has failed to comply with, there is no modification. *See Spradley*, 787 S.W.2d at 216. We overrule Douglas's third issue.

**Maintenance**

In her fourth issue, Douglas argues that the judgment ordering her to pay Peters her half of the mortgage costs amounts to an improper award of maintenance. *See* Tex. Fam. Code Ann.

8

§§ 8.001, .051 (West Supp. 2005). We have already stated that the judgment simply enforces the plain language of the divorce decree. Douglas did not appeal the final divorce decree and may not challenge its provisions now through this appeal of the order on the motions to enforce. *See id*. § 9.007(a) (court may not modify division of property through motion to enforce).

**Improper Attachment**

In her fifth issue, Douglas characterizes the trial court's offset judgment as an improper attachment of her half of the proceeds from the sale of Peters's Dell stock options. *See Sharman v. Schuble*, 846 S.W.2d 574, 576 (Tex. App.—Houston [14th Dist.] 1993, no writ). In *Sharman*, Kenneth Wax alleged that his former wife, Sherra Francis, had not delivered certain personal property as required in their divorce decree. *See id*. at 574. In light of this dispute, the proceeds from the sale of the marital home were deposited in the registry of the court and only a portion was distributed to the parties. Francis filed a petition for a writ of mandamus seeking distribution of the balance of the funds. The court of appeals held that Wax's claim to Francis's property was essentially a suit on an unliquidated debt that had no relationship to the proceeds from the sale of the home. *See id*. at 576. Finding that the facts did not support an equitable lien and that a writ of attachment was generally unavailable in a suit on an unliquidated debt, the court of appeals held that the trial court abused its discretion by failing to distribute the funds in accordance with the divorce decree.

There is a significant difference between this case and *Sharman*. In *Sharman*, the trial court had not yet resolved Wax's claim to Francis's property. *See id*. at 575. In our case, the district

9

court held a hearing on the motions to enforce and granted the relief sought by both parties. The district court properly offset the two judgments and awarded a net recovery to Douglas. We overrule Douglas's fifth issue.

**Retirement Accounts**

In her sixth and final issue, Douglas complains that the "June 25, 2002, Ruling of the Court for the division of retirement savings plans ignored case law, is substantially unequal, constitutes an abuse of discretion and violates the rights of Douglas." This is essentially a challenge to the division of property set forth in the divorce decree. Douglas did not appeal the final divorce decree, and we cannot reach the merits of Douglas's challenge in this appeal from the district court's judgment in her suit to enforce the decree. *See* Tex. Fam. Code Ann. § 9.007(a). We overrule Douglas's sixth and final issue.

**Request for Damages**

Peters contends that Douglas's appeal was brought in bad faith and for the purposes of harassment. He asks this Court to find Douglas's appeal frivolous and award him damages in the amount of $2000. *See* Tex. R. App. P. 45. If a court of appeals determines an appeal is frivolous, it may, after notice and a reasonable opportunity for response, award just damages to the prevailing party. *Id*. Douglas's *pro se* brief was thoroughly researched and raised one meritorious issue. Accordingly, we deny Peters's request for damages under Rule 45.

## CONCLUSION

We sustain in part Douglas's second issue. We overrule Douglas's other issues and deny Peters's request for damages under Rule 45. The judgment is reversed, and we remand the case to the district court to reconsider its order in light of this Court's opinion.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton: Opinion by Justice B. A. Smith; Dissenting Opinion by Justice Pemberton

Reversed and Remanded

Filed: March 2, 2006