# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00185-CV

**Denise Hodes, Appellant**

**v.**

**Diagnostic Experts of Austin, Inc., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. D-1-GN-08-002540, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Diagnostic Experts of Austin, Inc. ("Diagnostic") filed a writ of garnishment seeking the release of funds from a trust created after the sale of property belonging to Denise Hodes.[1] *See* Tex. R. Civ. P. 658. In response, Denise filed a motion to dissolve the writ of garnishment. *See id.* R. 664a. Ultimately, the district court denied Denise's motion and determined that Diagnostic was entitled to the money requested. Denise appeals the judgment of the district court. We will affirm.

## BACKGROUND

Denise Hodes and Henry Hodes were divorced several years ago.[2] Under the terms of the divorce decree, the Hodeses jointly owned a 17.5 acre tract as tenants in common. A few

---

[1] Because several of the people involved in this case have identical last names, we will refer to those individuals by their first names.

[2] We note that no reporter's record was filed in this case and that Denise stated in her brief that no reporter's record was prepared because "the court did not have a trial" and because "[t]he court based everything upon the pleadings and attachments." Accordingly, the factual background comes from the clerk's record and from uncontested statements in the parties' briefs. *See* Tex. R. App. P. 38.1 (stating that appellate courts will "accept as true the facts stated" in briefs "unless another party contradicts them").

years after the divorce, Denise filed for bankruptcy. On her bankruptcy application, Denise listed her interest in the 17.5 acre tract and an adjacent 10 acre tract of land. Denise also claimed that the two properties were exempt from the claims of her creditors because both properties constituted her homestead. *See* Tex. Prop. Code Ann. §§ 41.001 (West Supp. 2009) (listing types of encumbrances that "may be properly fixed on homestead"), .002 (West 2000) (defining homestead). Once Denise filed for bankruptcy, Deborah Langehenning was appointed as the bankruptcy trustee for the case. *See* 11 U.S.C.A. § 1322(a)(1) (West 2004) (requiring appointment of trustee to supervise execution of bankruptcy plan). Langehenning filed a motion objecting to the classification of both tracts of land as a homestead, but the bankruptcy court denied that motion.

After Denise filed for bankruptcy, she and Henry agreed to sell the 17.5 acre tract in order to reimburse Travis County for expenses paid on behalf of their son, Tyler Hodes. The property was sold pursuant to an order issued by a juvenile court. The order specified that the proceeds were to be placed into a trust with Jon Evans as trustee.[3] Approximately half of the proceeds were used as reimbursement, and the remainder was left in the trust.

Prior to Denise filing for bankruptcy, Diagnostic sued Denise arguing that Denise had fraudulently transferred property while she was "an officer and fiduciary" of Diagnostic.[4] The suit was initially filed in district court, but it was later transferred to the bankruptcy court. Ultimately, the bankruptcy court ordered Denise to pay Diagnostic over three million dollars.

---

[3] The record does not specify the nature of the trust.

[4] Other than stating that Diagnostic sued Denise for claims of "fraudulent transfer of property" and that Denise was an "officer and fiduciary" of Diagnostic, the record does not articulate what the claims were or the nature of the relationship between Denise and Diagnostic.

A few months after the bankruptcy court issued a judgment in favor of Diagnostic and over six months after the proceeds from the sale of the property were placed in a trust, Diagnostic filed an application for writ of garnishment in the district court seeking the release of the funds held by Evans as trustee. In response, Denise filed a motion to dissolve the writ of garnishment and asserted that the funds at issue were exempt because they were proceeds from the sale of her homestead. The district court denied Denise's motion to dissolve, determined that the funds in the trust were "not exempt from garnishment under applicable Texas law," and further concluded that the 10 acre tract of land that had not been sold was Denise's homestead. Ultimately, the district court ordered Evans to pay Diagnostic $67,128.54.

Shortly after the district court released its decision, Denise filed this appeal.

## STANDARD OF REVIEW

When reviewing a ruling on a motion to dissolve a writ of garnishment, appellate courts apply an abuse of discretion standard. *General Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 705 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

## DISCUSSION

In her sole issue on appeal, Denise contends that the district court erred by awarding the proceeds to Diagnostic. When asserting that the district court erred, Denise raises two related arguments.

3

First, she argues that the 17.5 acre tract was part of her homestead. As support for this contention, Denise notes that the bankruptcy court denied Langehenning's motion objecting to the characterization of both the 17.5 acre tract and the 10 acre tract as her homestead. Accordingly, Denise insists that the bankruptcy court essentially declared that the 17.5 acre tract was part of her homestead.[5]

Second, Denise contends that because the tract of land was part of her homestead, the proceeds obtained from the sale of the property are exempt from seizure by a creditor. Under the property code, proceeds from the sale of a homestead are exempt from seizure, but the exemption only lasts for six months. Tex. Prop. Code Ann. § 41.001(c). In other words, if the proceeds are not applied to the purchase of a new homestead within the six-month period, the exemption is lost. *In re Zibman*, 268 F.3d 298, 305 (5th Cir. 2001). Although Denise acknowledges the six-month deadline and admits that Diagnostic filed the writ of garnishment more than six months after the property was sold, Denise argues that the proceeds from the sale of her homestead were still exempt when Diagnostic attempted to collect the proceeds through garnishment because the proceeds were placed in a court-ordered trust immediately after the property was sold and have remained there ever since. In other words, Denise appears to allege that the six-month deadline was tolled when the proceeds were placed in the trust and insists that she has not abandoned any right to those proceeds.

In determining whether the district court abused its discretion in awarding the proceeds to Diagnostic, we need not determine whether the property sold was in fact part of Denise's

---

[5] In her brief, Denise admits that the "crux of [her] argument [below] was that she was entitled to the balance of her half of the monies because the bankruptcy court had recognized her homestead exemption."

homestead at the time of the sale, nor need we affirmatively decide whether Texas law allows the type of tolling suggested by Denise.[6] Even assuming that the statutory period may be tolled, the few federal cases addressing this subject have explained that tolling is only permissible if a party specifically requests the court to toll the six-month statutory period before the expiration of the deadline. *See In re Crum*, 414 B.R. 103, 110 (Bankr. N.D. Tex. 2009) (stating that tolling is only appropriate when "the debtor . . . take[s] some action to protect his rights (i.e., request tolling) before the rollover period expires"); *see also In re Bading*, 376 B.R. 143, 156 (Bankr. W.D. Tex. 2007) (tolling deadline when party filed motion to toll before expiration of six-month deadline).[7]

---

[6] Although we have been unable to find Texas cases addressing whether tolling is permissible in these circumstances, there is some support for the proposition that merely placing the proceeds in the care of a court does not toll the six-month period. *See Sharman v. Schuble*, 846 S.W.2d 574, 576 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding) (stating that although proceeds had been in court registry from time of sale of property, six-month deadline was about to expire).

[7] As support for her assertion that tolling is appropriate, Denise relies on a single case. *See In re Jeter*, 48 B.R. 404 (Bankr. N.D. Tex. 1985). That case involved a lien against Judy Jeter's homestead held by the FDIC. *Id.* at 407. Both Jeter and the FDIC agreed to sell the property, to deposit the proceeds in the court's registry, and to wait for the court's determination regarding "entitlement to those monies." *Id.* at 409. After six months passed, the FDIC asserted that the proceeds no longer had a homestead exemption. *Id.* Ultimately, the court concluded that the six-month deadline did not apply. *Id.* However, rather than state a rule that the placement of proceeds in the court's registry tolls the six-month statutory period, the court simply concluded that it would be inequitable to apply the six-month deadline between parties who entered into an agreement to sell the property and to place the proceeds in the court's registry while the court decided which of those parties was entitled to the proceeds. *Id.*

Unlike *Jeter*, there was no agreement between Denise and Diagnostics regarding the placement of the proceeds in a court's registry. Accordingly, the equitable principles at stake in *Jeter* are not applicable here. Moreover, even assuming that the court in *Jeter* was attempting to state a rule that the placement of proceeds in a court registry can toll the deadline at issue, that same court later explicitly stated, as described above, that a party seeking to toll the deadline must take some action to protect its rights before the passage of the six-month deadline. *See In re Crum*, 414 B.R. 103, 110 (Bankr. N.D. Tex. 2009).

Nothing in the record before us suggests that Denise ever specifically asked the district court or any court to toll the statutory deadline before the deadline expired.**⁸** Accordingly, we cannot conclude that the district court abused its discretion by concluding that the proceeds were

---

**⁸** In her motion to dissolve the garnishment, Denise did mention the concept of tolling, but she did not assert that the statutory deadline was tolled due to the placement of the funds into the care of Evans as trustee. Rather, Denise asserted, without citation to authority, that the six-month deadline was tolled because the proceeds were "in bankruptcy." Relevant federal case law demonstrates that the filing of a bankruptcy petition has no effect on the six-month deadline. *See In re Zibman*, 268 F.3d 298, 305 (5th Cir. 2001) (concluding that filing of bankruptcy shortly after homestead was sold did not affect six-month deadline exempting homestead proceeds); *In re Zavala*, 366 B.R. 643, 654 (Bankr. W.D. Tex. 2007) (explaining that filing of bankruptcy before or after sale of homestead does not affect six-month deadline). Even assuming that the deadline was tolled by the bankruptcy stay imposed when Denise filed her bankruptcy petition, the property was not sold until four months after Denise received her individual bankruptcy discharge, and the writ of garnishment was not filed until approximately six months after the property was sold. *See* 11 U.S.C.A. § 362(c)(2)(C) (West Supp. 2010) (explaining that bankruptcy stay expires at "the time a discharge is granted or denied").

The concept of tolling was also alluded to by Diagnostic in its response to Denise's motion to dissolve the garnishment. Specifically, Diagnostic mentioned that Denise asserted during a hearing on the motion to dissolve that "[t]he 6 month exemption period for homestead proceeds should be tolled during the period that the funds were held by" Evans. However, that assertion was made in a hearing that was held over ten months after the property was sold and well past the end of the six-month period. Moreover, as described above, nothing in the record indicates that Denise made a similar assertion within the six-month period, and there is no indication that the district court ever made any ruling regarding tolling. Furthermore, although we cannot be certain what precise assertion was made at the hearing because no reporter's record was filed, Diagnostic's summary of Denise's contention is similar to the argument Denise raises on appeal. Essentially, Denise seems to assert that the statutory deadline is automatically tolled when proceeds are placed in a trust pursuant to a court order even in the absence of any effort by the party seeking the benefit of tolling. However, as mentioned above, relevant federal case law has suggested that a person seeking to toll the six-month deadline must engage in some affirmative act to protect their interests such as filing a motion to toll the deadline. *See In re Crum*, 414 B.R. 103, 110 (Bankr. N.D. Tex. 2009); *In re Bading*, 376 B.R. 143, 156 (Bankr. W.D. Tex. 2007). Simply surmising that the deadline should be tolled, without more, would not seem to satisfy this requirement, and the record contains no other reference to any action by Denise regarding the six-month deadline.

not exempt or by awarding the proceeds to Diagnostic. Therefore, we overrule Denise's only issue on appeal.

## CONCLUSION

Having overruled Denise's issue on appeal, we affirm the judgment of the district court.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   July 23, 2010